UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Atheists For Human Rights,
a Minnesota not-for-profit corporation, and
Rodney Michael Rogers,

      Plaintiffs,

v.

                                               Case No. 14-cv-3769 (JNE/JJK)
                                               ORDER

County of Washington, Minnesota,
and Steve Gransee, in his official capacity
as manager of the Taxpayer Services Division
for Defendant County of Washington,

      Defendants.

      Minnesota law requires marriages to be solemnized by state-authorized individuals. Among the categories of individuals authorized by law are ministers of any religious denomination. Before solemnizing marriages, religious ministers must file their celebrant credentials with one of Minnesota's counties. Defendant Washington County initially refused to accept marriage celebrant credentials issued by Plaintiff Atheists for Human Rights (AFHR) to Plaintiff Rodney Michael Rogers because AFHR did not profess to be a religion. Plaintiffs filed suit, alleging that Washington County's refusal violated the First and Fourteenth Amendments. Nearly three months into the litigation, Washington County changed its practice and vowed that it would record credentials issued by AFHR from that date forward. This matter is now before the Court on Plaintiffs' and Defendants' motions for summary judgment. For the reasons provided below, Plaintiffs' motion is denied and Defendants' motion is granted.

## BACKGROUND

      Civil marriages in Minnesota may be solemnized by several methods including by "a licensed or ordained minister of any religious denomination." Minn. Stat. § 517.04. To obtain

licenses to solemnize marriages, ministers of religious denominations "shall file a copy of their credentials of license or ordination . . . with the local registrar of a county in this state, who shall record the same and give a certificate of filing thereof." Minn. Stat. § 517.05.

AFHR is a not-for-profit corporation organized under the laws of Minnesota to promote atheism and the separation of church and state. AFHR issued marriage celebrant credentials to Rogers, a resident of Washington County and AFHR member. On September 4, 2014, Rogers attempted to register his credentials with Washington County. The clerk on duty did not accept the application. Rogers requested a written statement explaining why his application was rejected. Rogers was handed a copy of Minn. Stat. § 517.04 with the word "religious" underlined.

On September 24, 2014, Plaintiffs filed this lawsuit, alleging that Minnesota's marriage solemnization statutes and Washington County's policy of refusing to record marriage celebrant credentials issued by atheist organizations are unconstitutional on their face and as applied to Plaintiffs. On October 2, 2014, Plaintiffs filed a motion for a preliminary injunction seeking to enjoin Defendants from refusing to record Plaintiffs' marriage celebrant credentials based on their atheistic beliefs, until the action is determined on its merits. On December 19, 2014, three days before a scheduled hearing on the motion, Defendants submitted an affidavit stating: "Effective the morning of December 17, 2014, the Office of the Washington County Recorder accepts for recording credentials signed by the Atheists for Human Rights, a Plaintiff herein, to perform civil marriages." Washington County represented that this "reflects a permanent change in the operating procedures of the Washington County Recorder." On January 27, 2015, the Court issued an order denying Plaintiffs' motion for a preliminary injunction because Plaintiffs had received the relief they sought in their motion.

Defendants have filed a motion for summary judgment seeking dismissal of Plaintiffs'

complaint. Plaintiffs have filed a motion for summary judgment seeking a declaratory judgment

that Minnesota's marriage solemnization statutes are unconstitutional, a permanent injunction

enjoining Defendants from refusing to record Plaintiffs' celebrant credentials, and reasonable

costs and attorneys' fees.

## DISCUSSION

### A. Standing

To have Article III standing, a plaintiff must show: "(1) it has suffered an 'injury in fact'

that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;

(2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as

opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends

of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc.,* 528 U.S. 167, 180–81 (2000).

Washington County argues that AFHR's standing fails at the first prong because Washington

County's refusal to record credentials issued by AFHR did not injure the corporation.

Minn. Stat. § 517.04 distinguishes between religious entities and non-religious entities

and confers a valuable benefit—the ability to issue celebrant credentials legally sufficient for

recording in a Minnesota county—on the former but not the latter. Defendants took the position

that AFHR could not receive this benefit in Washington County because AFHR is an atheistic

organization that does not call itself a church or religion. Regardless of whether Washington

County's position was unconstitutional, it inflicted a concrete injury by denying AFHR a state-

conferred benefit available to other entities. *Cf. Texas Monthly, Inc. v. Bullock,* 489 U.S. 1, 7–8

(1989) (the publisher of a non-religious periodical had standing to pursue an Establishment

Clause challenge to a tax exemption available for religious periodicals); *Time Warner Cable, Inc.*

*v. Hudson*, 667 F.3d 630, 636 (5th Cir. 2012) (an incumbent cable provider had standing to challenge a statute that extended the benefit of a statewide license to some competitors while denying the same benefit to incumbent providers because, "[w]hen the government targets certain speakers for the exclusion of benefits bestowed on similar parties, no further showing of suffering based on that unequal positioning is required for purposes of standing") (internal quotation marks omitted). The remaining two prongs are easily established. The injury is traceable to the County's policy, and a favorable decision for Plaintiffs would remedy the injury by ensuring that the County could not refuse to record marriage celebrant credentials issued by AFHR. Accordingly, AFHR has standing.

### B.  Mootness

Defendants argue that the case is moot because they no longer refuse to record Plaintiffs' credentials. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Kennedy Bldg. Associates v. Viacom, Inc.*, 375 F.3d 731, 745 (8th Cir. 2004) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). "The defendant faces a heavy burden of showing that the challenged conduct cannot reasonably be expected to start up again." *Ctr. for Special Needs Trust Admin., Inc. v. Olson*, 676 F.3d 688, 697 (8th Cir. 2012) (internal quotation marks omitted). "Mere voluntary cessation of allegedly illegal conduct does not moot a case." *Id.* "Instead, a case becomes moot if it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* However, "[a] speculative possibility is not a basis for retaining jurisdiction over a moot case." *McCarthy v. Ozark Sch. Dist.*, 359 F.3d 1029, 1036 (8th Cir. 2004). For the following reasons, the Court finds that the challenged conduct cannot reasonably be expected to recur and thus the action is moot.

Washington County has clearly and unequivocally changed its allegedly wrongful practice. The County has not gone through a formal amending process because there was no formal written policy in place. Rather, Washington County's prior practice was based on the advice of Washington County's legal counsel. The County's legal counsel has clearly and definitely changed that advice. Counsel filed an affidavit with the Court and sent a letter to Plaintiffs' counsel attesting to a new permanent policy under which Washington County will accept credentials issued by AFHR. In changing its policy, the County has not expressly reserved the right to apply the old policy against Plaintiffs in the future or otherwise equivocated. *See Olson*, 676 F.3d at 697 (holding that a challenge to North Dakota's application of Medicaid regulations was not moot after the state stopped relying on the regulations because "North Dakota expressly reserved the right to apply its regulations against the [plaintiff] in the future").

Plaintiffs argue that the timing of Defendants' policy change—a few days before a hearing on Plaintiffs' motion for a preliminary injunction—suggests Defendants' change is "akin to strategic, litigation-related acts" to deprive the court of jurisdiction. *Charleston Housing Authority v. U.S. Dep't of Agriculture*, 419 F.3d 729, 740 (8th Cir. 2005). While the lawsuit may have spurred Washington County to reexamine its position, this fact does not mean the County's allegedly wrongful conduct is likely to recur when the litigation is over. The Washington County Attorney's December 17, 2014 letter to Plaintiffs' counsel states that Washington County "did legal, historical and factual analysis of the precepts of [AFHR]" and decided to change its practice "after giving new consideration to the precepts of this organization and learning the other major counties have apparently determined your corporate client meets the definition and criteria established in Minnesota Statutes § 517.04." It is undisputed that other large Minnesota counties accept celebrant credentials issued by AFHR. There is no indication that Washington

5

County, having aligned its policy with these other Minnesota counties, is poised to revert to its old ways.

AFHR also argues that, even if the issue of injunctive relief is moot, there remains the issue of whether Minn. Stat. § 517.04 is unconstitutional on its face, an issue that is not and cannot be resolved by Washington County agreeing to record Plaintiffs' credentials. A case is moot when it has "lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract questions of law." *Princeton Univ. v. Schmid*, 455 U.S. 100, 103 (1982). Here, the issue of the facial constitutionality of Minn. Stat. § 517.04 has become an abstraction untied to any live dispute between the parties. The Court declines to opine on this abstract matter of constitutional law.

### CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' Motion for Summary Judgment [Docket No. 34] is GRANTED.

2. Plaintiffs' Motion for Summary Judgment [Docket No. 41] is DENIED.

3. The action is DISMISSED as moot.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  May 13, 2015

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge